IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WAKEE LOPER, | § | |
| | § | No. 208, 2019 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID Nos.1303009448 (K) |
| Plaintiff Below, | § | 1603017327 (K) |
| Appellee. | § | |

Submitted: January 24, 2020
Decided: April 2, 2020

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MOTGOMERY-REEVES**, Justices.

# **O R D E R**

Upon careful consideration of the parties' briefs and the record below, it appears to the Court that:

(1)    The appellant, Wakee Loper, appeals the Superior Court's April 26, 2019 order sentencing him for his eighth violation of probation ("VOP") in Case Number 1303009448 (K).[1]  We find no merit to the appeal.  Accordingly, we affirm the Superior Court's judgment.

---

[1] The Superior Court also sentenced Loper for his second VOP in Case Number 1603017327 (K). Loper does not challenge the validity of that violation or sentence on appeal.

(2) The record reflects that, in 2013, Loper pleaded guilty to one count of drug dealing and one count of second degree conspiracy. The Superior Court immediately sentenced Loper as follows: (i) on the drug dealing charge, to eight years of Level V incarceration, suspended after ninety days for decreasing levels of supervision; and (ii) on the second degree conspiracy charge, to two years of Level V incarceration, suspended for one year of Level III probation. Between 2013 and 2015, the Superior Court found Loper in violation of the terms of his probation on four occasions.

(3) On May 27, 2016, the Superior Court found Loper in violation of the terms of his probation for a fifth time. The Superior Court discharged Loper as unimproved from probation on the second degree conspiracy charge. On the drug dealing charge, the Superior Court sentenced Loper to five years and eight months of Level V incarceration, suspended after three months for six months of Level IV supervision to be served at Work Release, no probation to follow. In 2017, Loper was found to be in violation of the terms of his probation twice more. He did not appeal either VOP sentence.

(4) On April 26, 2019, the Superior Court found Loper in violation of the terms of his probation for an eighth time. The Superior Court sentenced Loper to four years, four months, and twenty days of Level V incarceration, suspended after one year for decreasing levels of supervision. This appeal followed.

2

(5)     Once the State has proven by a preponderance of the evidence that a VOP has occurred, the Superior Court is authorized to impose any period of incarceration up to and including the balance of the Level V time remaining to be served on the original sentence.[2] If the sentence imposed falls within statutory limits, we will not disturb the sentence on appeal unless the probationer can establish that the sentencing judge relied on impermissible factors or exhibited a closed mind when imposing the sentence.[3]

(6)     Loper does not dispute that he violated the terms of his probation. Rather, Loper contends for the first time on appeal that he completed his May 27, 2016 VOP sentence in this case on January 28, 2017, when he completed the Work Release portion of that sentence. Because that sentence was not followed by probation, he contends that his eighth VOP sentence is illegal. We find no merit to Loper's argument.

(7)     Loper appeared before the Superior Court and admitted that he was in violation of the terms of his probation because he had absconded from probation. Before imposing a sentence, the trial judge reviewed Loper's VOP history in this case and noted that Loper still faced four years and four months of backup time. Loper did not object to this representation. Of course, an illegal sentence may be

---

[2] 11 *Del. C.* § 4334(c).
[3] *Weston v. State*, 832 A.2d 742, 746 (Del. 2003).

3

corrected at any time.[4]  But contrary to Loper's contention, there is no evidence that Loper completed his sentence on January 28, 2017.   Rather, the record reflects that before Loper completed the Work Release portion of his probationary sentence, he violated the terms of that sentence.  Because the Superior Court's April 26, 2019 VOP sentence fell within the statutory limits prescribed by the legislature and Loper does not contend that the judge relied on impermissible factors or sentenced him with a closed mind, we affirm it.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[4] *See* Del. Super. Ct. Crim. R. 35(a).

4